IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

**THURMAN RUSSELL**                                                                            **PETITIONER**

**VS.**                              **CASE NO. 1:16CV00058 JM/PSH**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction (ADC)**                               **RESPONDENT**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Court Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

In May 2006, Thurman Russell ("Russell") was convicted by a Baxter County jury on two charges of solicitation to commit capital murder. Russell was sentenced to consecutive 360 month terms of imprisonment in the Arkansas Department of Correction ("ADC"). A direct appeal[1] was unsuccessful. *Russell v. State*, 2008 WL 5176632 (Ark. App.) (an unpublished opinion). Russell filed a Rule 37 petition with the trial court, alleging six claims for relief. That petition was denied

---

[1] Russell argued the trial judge erred in refusing to recuse, erred in commenting on evidence presented by the defense, erred in thereafter denying a request for mistrial, and erred in permitting the hearsay testimony of Patricia Honeycutt, who testified about alleged threats made by Russell outside of her presence.

1

without a hearing, and Russell's appeal was dismissed by the Supreme Court of Arkansas in June 2010. In January 2011 Russell sought a state court writ of habeas corpus, arguing many of the same grounds advanced in his Rule 37 petition. The state court habeas petition was dismissed in March 2011.

In Russell's federal habeas corpus petition, filed on May 27, 2016, he alleges the ADC is improperly denying him 411 days of good time earned prior to his conviction in Baxter County, and 681 days of good time since entering ADC custody.

In her response, respondent Wendy Kelley ("Kelley") moves to dismiss the petition for writ of habeas corpus. Kelley contends Russell may not pursue federal habeas corpus relief until he has first exhausted available state court avenues for relief. Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. 1981). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id*. However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 621 F.2d 921, 923 (8th Cir. 1980). In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Consequently, we must determine whether Russell has an available state remedy.

Here, Russell's challenge is to the computation and execution of his sentence, a topic which is typically reserved for state officials. It appears that the petitioner has failed to exhaust his state court remedies because he has not brought a request for declaratory judgment or writ of mandamus raising the "good time" issue which he now presses in his habeas petition. A request for declaratory relief and writ of mandamus are procedures whereby Russell may challenge the execution and computation of his sentence. In *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1998), an

inmate used this procedure to challenge his classification for parole purposes. It has been used by other inmates in similar circumstances. *St. John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985); *Bargo v. Lockhart*, 279 Ark. 180, 650 S.W.2d 227 (1983). Russell's claim in this case is that the state has improperly calculated his sentence, failing to properly credit him for good time on two occasions. This claim would appear to be cognizable in state court.

If a state procedure is available, it cannot be said that the exhaustion requirement of 28 U.S.C. §2254 has been satisfied. This is precisely the situation at bar. Russell can challenge his sentence in state court by filing a request for declaratory judgment and writ of mandamus.

As a result, we find that Russell must exhaust his available state court remedies as required by 28 U.S.C. § 2254(b) & (c). It follows that we recommend that the petition be dismissed without prejudice to allow Russell to pursue relief in state court.

Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to allow Russell to seek appropriate relief in state court, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 22nd day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE